HORACE C. ELLIS, BY NEXT FRIEND, v. PENNSYLVANIA
IRON WORKS.

Submitted December 6, 1907—Decided February 24, 1908.

A declaration which alleges that the defendant created a common
　　nuisance by expelling heated water from its place of business
　　into a city conduit, whence it was led in the conduit to an open
　　unprotected space adjoining a public thoroughfare, into which
　　space, by reason of its unprotected condition, the plaintiff fell
　　and was injured, does not allege legal liability upon the defendant's
　　part for the injury this caused, and a demurrer interposed to
　　the declaration should be sustained.

On demurrer to declaration.

Before Justices VOORHEES and MINTURN.

For the plaintiff, *John J. Crandall.*

For the defendant, *Grey & Archer.*

The opinion of the court was delivered by

MINTURN, J.　The declaration, while it alleges the creation
of a common nuisance by defendant, does not sustain the alle-
gation by the facts alleged.　The extent of defendant's
malfeasance is limited by the allegations to the discharge of
heated water into a public conduit, in Atlantic City, in which
the water was led to a common and unprotected space adjoin-
ing a city street, where it was discharged, and that plaintiff
met her injuries by falling into this unprotected space.　The
gravamen of the allegation is the creation of a nuisance at the
place where plaintiff was injured, and not the mere expelling
of heated water into a public conduit where *non constat* the
defendant had a legal right to discharge it.　It does not ap-
pear from the declaration that this place where the nuisance
existed was the property of defendant or that it was under
defendant's control, or that defendant was in any manner

possessed of dominion over it; while it does appear, at least inferentially, that the act which created the nuisance was not the expelling of the heated water into the conduit, but the action of the public authorities in leading the water thus expelled into the open space where plaintiff was injured. If it be assumed that the act of the plaintiff, in expelling the heated water into a public conduit, affords a basis for liability, still the familiar rule of law involved in the maxim *causa proxima et non remota spectatur,* would seem to apply to this state of facts and relieve the defendant from liability.

The authorities cited by plaintiff of *Durant* v. *Palmer,* 5 *Dutcher* 544, and *Jenne* v. *Sutton,* 14 *Vroom* 257, involved the creation or maintenance of nuisances directly by the defendant in each case and are in nowise analogous to the case at bar.

For these reasons the demurrer should be sustained, with costs.